**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| United States of America, | Criminal No. 11-204 (SRN/LIB) |
| Plaintiff, | |
| v. | **ORDER** |
| Mauricio Franco-Martinez, | |
| Defendant. | |

---

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Leo I. Brisbois dated August 29, 2011 (Doc. No. 29). Defendant timely filed objections to the R&R. (Doc. No. 30.)

This Court has conducted a de novo review of any portion of the R&R to which Plaintiff has made specific objections. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.02(b). Based on its review, this Court adopts the R&R.

Defendant Mauricio Franco-Martinez was a passenger in a vehicle driven by another person when Minnesota State Trooper Peter Goman conducted a valid traffic stop based on the excessive speed of the vehicle and his observation that neither occupant was wearing their seat belts. After successfully identifying the driver, Goman attempted to likewise identify the passenger. Defendant was unable, however, to produce any valid documentary identification, but provided Goman with a name and date of birth. Goman noted that Defendant did not speak fluent English and that his first language appeared to be Spanish. Goman was unable to confirm his identity via searches in the databases of

any of the three States in which Defendant had stated he presently or formerly resided.

Goman returned to the vehicle, where Defendant provided a somewhat different name. Goman again was unable to verify that name in any of the three State databases. Goman returned to the vehicle again, where the driver was talking on his cell phone with Defendant's girlfriend (or wife, according to Defendant's Objections), who then also spoke with Goman and provided him with yet another variant of Defendant's name. In light of the communication problems, Goman attempted to get assistance from a Spanish-speaking local law enforcement officer. Unable to locate any such help, Goman contacted the United States Border Patrol, which likewise was unable to confirm any of Defendant's purported identities. The Border Patrol thus requested that Goman detain Defendant. Only then did Goman escort Defendant from the vehicle and place him in the back of his squad car, where Border Patrol agents interviewed him over the phone.

Defendant's first objection to the R&R claims that his Fourth Amendment rights were violated when he "was detained in the back of the squad car simply because the officers could not verify his identification," because they lacked "probable cause to arrest him and effectively arrested him at that time." (Doc. No. 30, at 5.) Magistrate Judge Brisbois properly concluded, however, that "there was probable cause to arrest the Defendant on reasonable suspicion of being in the country illegally and of providing a false name to a peace officer." (Doc. No. 29, at 15.) After repeated attempts to confirm Defendant's identity, including through the Border Patrol, Goman "would have been justified in believing that the Defendant was attempting to conceal his true identity,"

thereby providing Goman with "probable cause to arrest the Defendant for suspected immigration charges and providing a false name." (Id. at 16.) Judge Brisbois thus properly refused to suppress any of the evidence obtained as a result of the arrest.

Judge Brisbois also ruled that Defendant was in custody when Border Patrol agents first questioned him over the phone, such that Defendant's statement–provided without any Miranda warnings–must be suppressed. (Id. at 12-14.) Defendant also objects to Judge Brisbois' refusal, however, to suppress any of the evidence subsequently obtained. (Doc. No. 30, at 6.) But because that statement, although unwarned, was voluntary, Judge Brisbois correctly declined to suppress any of the physical (non-testimonial) evidence obtained as a result of the improper custodial interrogation. (Id. at 14.)

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Judge Brisbois' Report and Recommendation [Doc. No. 29] is **ADOPTED**;

2. Defendant's motion to suppress evidence obtained as a result of an illegal search and seizure [Doc. No. 21] is **DENIED**; and

3. Defendant's motion to suppress statements, admissions and answers [Doc. No. 22] is **GRANTED IN PART** (to the extent it seeks suppression of the telephonic statement he made at the scene of the traffic stop) and **DENIED IN PART** (to the extent it seeks suppression of the statement he made at the Border Patrol station).

Dated: September 15, 2011

    s/ Susan Richard Nelson  
SUSAN RICHARD NELSON  
United States District Judge